[Civ. No. 10279. First Appellate District, Division One.—May 14, 1937.]

JULIA ESTELLE COLLONAN, Respondent, v. L. ROSELLINI et al., Appellants.

Redman, Alexander & Bacon and Herbert Chamberlain for Appellants.

Henry Heidelberg and John P. Beale for Respondent.

TYLER, P. J.—Action for damages for personal injuries arising out of an automobile accident. Plaintiff alleged that while she was walking southerly across Market Street in a pedestrian crosswalk at Diamond Street in San Francisco she was struck and injured by an automobile east bound on said street. She alleged that the automobile was owned by the defendants Rosellini and Gialdini doing business as the New Castro Market, and that it was negligently driven in the

course of their business by their employee, defendant Schloffel. Plaintiff's injuries consisted of a fractured skull, concussion of the brain, cuts on her head and arm, and bruises on various parts of her body. General damages were sought in the sum of $50,000 and special damages were prayed for in the sum of $1245. A joint answer was filed by the three defendants, which consisted of a general denial to which was added the defense of contributory negligence. Trial was had and a motion for a nonsuit was interposed at the conclusion of plaintiff's case, which motion was denied. The jury awarded plaintiff the sum of $5,000 against the three defendants. Motion for a new trial was made and denied. This is an appeal from the judgment. Various grounds are relied upon for a reversal. It is claimed the evidence fails to establish that defendants were negligent; that it establishes plaintiff was guilty of contributory negligence as a matter of law; that the jury was misdirected to the prejudice of defendants, and that the damages are excessive.

There was evidence to show that the accident occurred in the vicinity of the intersection of Market and Diamond Streets in San Francisco. At this point Market Street is 75 feet wide from curb to curb, with abutting sidewalks 10 feet wide. The center of the street is marked with the usual white line. Generally speaking Market Street in this vicinity runs east and west, and Diamond Street north and south. Between 5:30 P. M. and 6 P. M. of November 3, 1934, plaintiff left her residence to do some shopping. It was dark and there was a drizzling rain falling. She walked southerly on the west side of Diamond Street until she reached the north side of Market and then crossed Diamond Street easterly to the northeast corner of Market and Diamond. While crossing from the north to the south side of Market Street she was struck by the automobile above mentioned, which was east bound, after she had passed the center line of the street. There was a conflict in the testimony as to whether or not plaintiff was walking in the pedestrian lane at the time she was struck.

In support of their contention that the judgment lacks evidentiary support, defendants claim that the automobile was traveling at a lawful rate if speed; that it was being operated on its lawful side of the street; that it was properly equipped and under proper control; that it had the right of way, for which reasons it is claimed inevitable that

defendants were without fault. There was testimony to show, however, that when plaintiff stepped from the north curb of Market Street to cross that street to the south she walked about six feet from the curb and then stopped to allow some automobiles going westerly on Market Street to pass her. The road being then clear she walked fast to about the center of Market Street and then looked and saw the lights of an east-bound automobile about 145 feet to 150 feet away. She then stopped and looked again when she was just over the white line marking the center of Market Street and concluding she was safe, with the automobile so far away, she proceeded on her course when she was struck within a few feet of the curb by the approaching machine. The driver testified that his headlights were lighted and the vision was good, but that he did not see plaintiff until within a foot of her. Although the evidence was conflicting as to whether plaintiff was walking in the pedestrian lane there is sufficient evidence to show that she was. The lawful rate of speed at the intersection of the streets where the accident occurred is fifteen miles an hour. The driver testified he was traveling from fifteen to twenty. The severe injuries plaintiff suffered and the fact that she was rendered unconscious for over a week by the impact, together with the fact that she was picked up some twenty feet from the pedestrian lane from which she had been knocked or carried were circumstances from which the jury might reasonably infer that the driver was traveling at a rate of speed much in excess of that to which he testified and of which he was the only witness, no other person having witnessed the accident. The jury by its verdict determined that plaintiff had used due diligence in crossing the street and that defendant driver was negligent in not seeing her. The questions of the negligence of the defendant and the contributory negligence of plaintiff were facts for the jury to determine upon all the circumstances of the case. It was the duty of the driver to anticipate that he might meet persons at any point in the street and to keep a proper lookout for them, and to keep his machine under such control as would enable him to avoid a collision with persons using ordinary care and precaution, and if the situation required to stop or slow up. He was familiar with the neighborhood and the location of the pedestrian lane. His vision was unobstructed and he should have seen plaintiff on the marked crosswalk, and his failure

to do so under the circumstances constituted negligence on his part. The evidence is amply sufficient to support the verdict.

Nor do we think there is any merit in the claim that the trial court misdirected the jury in its instructions. An instruction was given to the effect that a public highway is open to the reasonable common and equal uses of the people on foot or in vehicles; that the pedestrian has the same right as the owner of an automobile to use the highway. It is contended that while the instruction correctly states the rule as it existed at common law, statute and ordinances have abrogated it, giving to motorists a superior right over pedestrians to the use of the highway in areas outside of pedestrian crosswalks. The court fully instructed the jury concerning the relative rights of pedestrians and motorists under the statute and ordinances with reference to crosswalks, and the jury could not possibly have been misled in the matter. The instructions on this subject as a whole fully and fairly stated the law correctly. Again, it is claimed that the court erred in instructing the jury as to the degree of care exacted from pedestrians and motorists, and also concerning the duty of plaintiff to look when crossing the lane. We do not deem a recital of these instructions to be necessary, for it would answer no useful purpose. Suffice it to say there were no errors in the giving of them.

Nor is there any merit in the further claim that the damages are excessive. Plaintiff at the time she received the injuries was employed in a clerical capacity at the Veterans' Hospital where she received a salary of $120 a month. Her injuries as stated consisted of a fracture of the skull, concussion of the brain, cuts on her head and arm, and bruises and abrasions of her body. These injuries affected her for over a year thereafter and she was compelled to give up her then position. Under these circumstances the amount recovered cannot be held to be excessive.

From what we have said it follows that the judgment based on the verdict should be and it is hereby affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 12, 1937, and an ap-

plication by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1937.