[Civ. No. 7184.  First Appellate District, Division One.—September 26, 1930.]

NANCY B. RAMSEY et al., Respondents, v. GUISEPPE PASINI, Appellant.

J. Hampton Hoge for Appellant.

Ford & Johnson for Respondents.

LUCAS, J., *pro tem.*—This is an action for damages by the widow and minor children of Irvin Edward Ramsey, who, they allege, was killed while crossing a public street in the city and county of San Francisco through the negligent driving of an automobile by defendant Guiseppe Pasini. The defendant in his answer denied the material allegations of plaintiffs' complaint, and as a separate defense pleaded contributory negligence. The jury rendered a verdict in favor of plaintiffs for the sum of $12,500. From the judgment thereon defendant appeals. It is his contention that there is sufficient evidence in the record to warrant a jury in finding for him on the issue of contributory negligence, but that this defense was prejudiced through inaccurate doctrines of law presented to the jury by the court in its instructions. It is also his contention that the court further erred in instructing the jury on a question of fact.

█ Among other instructions given on the subject of contributory negligence the court gave the following:

"XIII.

"You are instructed that in determining whether the deceased was or was not guilty of contributory negligence in the absence of evidence to the contrary, the law presumes that he did everything that a reasonably prudent man would have done under the circumstances for the protection of his own safety."

This is admittedly a correct statement of the law, but it is strenuously urged by appellant that such an instruction should be given only when there is in the record no evidence of the decedent's conduct at the time under consideration and that, there being such evidence here, the giving of the instruction was prejudicial error. He quotes from Thompson on Negligence as follows:

"Touching the presumption that the deceased exercised ordinary care, it is to be noted that that presumption is given weight only in the absence of evidence on the subject of deceased's conduct. It has been declared to be 'an artificial presumption of so weak a character that it is not to be allowed to have the effect of evidence before the jury where the uncontradicted evidence of the circumstances attending the accident overthrows it,'" and cites several supporting California authorities.

A complete answer to appellant's contention is found in a recent decision of this court (*Rogers* v. *Interstate Transit Co.*,* (Cal. App.) 284 Pac. 499, 504). The language of that decision is so pertinent and the reasoning so clear, we quote from it at some length:

"It is insisted that it was error to instruct the jury as follows: 'The burden is upon the defendant to prove the negligence of plaintiff by a preponderance of the evidence, and in considering the evidence upon this point you will keep in mind that the law presumes that plaintiff, at the time in question here, took ordinary care of his own con-

---

*REPORTER'S NOTE.—On March 17, 1930, a hearing was granted by the Supreme Court in the case of *Rogers* v. *Interstate Transit Co.*, on July 29, 1930, the Supreme Court rendered an opinion in the cause, and on August 27, 1930, the Supreme Court granted a rehearing. The final opinion of the Supreme Court was rendered on March 25, 1931.

cerns.' This amounted to a charge to the effect that the jury could take into consideration with all the other evidence adduced, in determining whether the plaintiff was guilty of contributory negligence, the presumption created by the provisions of subdivision 4 of section 1963 of the Code of Civil Procedure that 'a person takes ordinary care of his own concerns'. This is held by statute to be a disputable presumption. Presumptions are declared by section 1957 of the same code to be evidence. This presumption is therefore entitled to be weighed and considered by the jury, together with all other evidence upon the subject in determining that issue. The question as to whether this presumption has been rebutted by other evidence is a problem for the jury to determine. (*Davis* v. *Tanner*, 88 Cal. App. 67 [262 Pac. 1106]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 25 [204 Pac. 393].) This instruction was therefore not erroneous. This construction is statutory. We are cited to no case where similar statutes have been otherwise construed. Weighed against actual testimony which is adduced upon the same subject, disputable presumptions are of slight value. Since our statute makes all presumptions evidence, it would be inconsistent to hold that it could be considered as such only in the absence of all other evidence.''

This opinion was handed down on January 23, 1930. Thereafter, in denying an application for a rehearing, the same court said (285 Pac. 731):

''It may be reasonably said that regardless of which party adduces the evidence it is still the province of the jury to determine whether the proof has sufficient weight or substance to dispel the presumption. In determining whether substantial evidence upon this subject has in fact been adduced it is proper to instruct the jury it may consider the presumption which is involved in the controversy. Otherwise the court will be usurping the function of the jury by passing on the weight of evidence.''

So here: The court properly instructed the jury as to the presumption in which they were to indulge providing there was no evidence to the contrary. It was for the jury, and not the trial court, to say whether there was evidence to the contrary and if so what weight they, as the sole judges of the effect and value of the evidence, should give to it.

It might here be noted that on July 29th last the Supreme Court on hearing after judgment in the District Court of

Appeal affirmed the decision of January 23, 1930, and adopted as its decision the exact language herein quoted from it.

██ The instruction complained of as being an instruction on a question of fact was given by the court in the following language:

## "XI.

"The driver of an automobile has no right to assume, in the absence of evidence to the contrary, that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate the presence of others, and the fact that he did not know that any one was on the street is no excuse for conduct which would have amounted to negligence if he had known that a pedestrian was on the street."

It is contended that even if the evidence had been capable of an inference that the defendant saw the decedent in time to avoid the accident, the court nevertheless had no right to charge that the defendant was then guilty of negligence, and that the instruction in effect told the jury that if the defendant did see the decedent in time to avoid the accident he was guilty of negligence. A similar instruction, however, has been upheld in the case of *Meyers* v. *Bradford*, 54 Cal. App., at 157 [201 Pac. 471], which case was cited with approval by the Supreme Court in *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, 99 [41 A. L. R. 1027, 239 Pac. 709]. The court said in the Meyers case:

"In giving the instruction the court did not invade the province of the jury. It stated merely a recognized principle of law that was involved in the case, and it left to the jury the determination of the question of fact whether the conduct of appellants fell within the contemplation of such principle."

██ Appellant in his closing brief raises for the first time an additional point for grounds of reversal, namely, that decedent was guilty of contributory negligence as a matter of law. The controlling rule on this subject is well settled in this state.

"It is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the

circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury." (*Gregg* v. *Western Pac. R. R. Co.*, 193 Cal. 212, 225 [223 Pac. 553, 558].)

The application of this rule to the facts of this case makes appellant's position untenable. A careful examination of the record reveals evidence which, instead of pointing to the inevitable conclusion of negligence on the part of decedent, is sufficient to amply support a finding that he was free from negligence.

A somewhat similar case is the case of *Flach* v. *Fikes*, 204 Cal. 329 [267 Pac. 1079]. There the deceased, prior to his injury, alighted from an automobile and started to cross a public street. The evidence was silent as to whether or not he looked in the direction of appellant's approaching automobile before attempting to cross. Here the deceased alighted from a street-car and attempted to cross a public street. He was seen to look around either before doing so or after he had proceeded about eight feet. In both cases the automobile which struck the decedent was traveling at an excessive rate of speed. In the Flach case the court said:

"It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. If that were so he never could attempt to cross a street upon which automobiles are being operated, and consequently where there is almost always an approaching machine. He has a right to expect that those operating automobiles upon a public street will operate them in the manner and at the speed customary at that particular place. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court and their finding thereon is binding upon an appellate court."

The reasoning and the rule in the Flach case is clearly applicable to the case at bar.

The judgment appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.