[Civ. No. 7493. Second Appellate District, Division One.—January 30, 1933.]

MRS. BLANCH BERLIN, Respondent, v. C. C. VIOLETT et al., Appellants.

Forgy, Reinhaus & Forgy, Paul Nourse and Forrest A. Betts for Appellants.

Nathan O. Freedman, A. Wm. Christlieb and Harry D. Hottel for Respondent.

YORK, J.—This is an appeal from a judgment rendered in an action brought by the plaintiff for damages for personal injuries resulting from an automobile accident. The automobile in which plaintiff was riding was being driven by defendant Mrs. Cross, when it came into collision with the automobile being driven by defendant Dr. C. C. Violett. An examination of the evidence discloses sufficient evidence to justify the court in refusing to grant defendants' motions for nonsuit and directed verdict. An examination of the record discloses sufficient evidence to sustain the verdict.

As to the alleged error by the court in permitting plaintiff's attorney to show that an insurance company might be interested in the case, the evidence was merely that a certain statement was made at the Long Beach office of the Automobile Club of Southern California. The record does not show that any insurance company was interested in the matter, nor that insurance had been issued, nor that the judgment would be paid by any insurance company. There was no prejudicial error in allowing the introduction of evidence complained of on this point, nor in requiring a foundation to be laid for the admission of the statement which the co-defendant admitted that she had signed.

Appellant objects to certain instructions. He contends that the first instruction objected to was erroneous in that it does not provide that appellant was required

to anticipate only those things which were reasonable, and that it places upon the appellant an absolute duty to anticipate vehicles at any point on the street, and to keep his car under such control as to avoid colliding with such vehicles, regardless of where they might be. In other words, that it takes from the jury the question of whether or not the matter to be anticipated was reasonably to be anticipated, and places upon the defendant the duty to anticipate all matter whether reasonable or not. He also contends that it takes from the jury the right to consider whether or not he had his automobile under such control as to anticipate those things which were reasonable, and states that he must have his automobile under such control as to avoid colliding with all things which might be in his way, whether reasonably to be anticipated or not.

The instructions objected to are as follows: "You are instructed that even though you find that the statutory limit of speed of 40 miles per hour has not been exceeded, the rate of speed at which an automobile may be traveling may be held under some circumstances to be negligent. That is to say, the operator of an automobile is not necessarily exempt from liability for injuries to other persons occurring in public streets by showing simply that at the time of the accident he was running at a rate of speed allowed by law. He still remains bound to anticipate that he may meet persons or vehicles at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another automobile driven with care and caution as reasonably prudent person would do under similar conditions." This instruction is proper under the facts and circumstances in evidence in this case. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 Pac. 125].)

Appellant objects to the giving immediately thereafter of the following instruction: "All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking,

would constitute negligence as a matter of law." We find no error in this instruction.

The appellant contends that these instructions are misleading to the point where they practically direct a verdict against Dr. Violett. This could not be so, unless the jury considered that Dr. Violett violated the law as laid down in these instructions, as modified by all of the other instructions given by the court to the jury.

■ The appellant contends that the court erred in refusing to give the following instruction: "I further instruct you that if you find that the plaintiff and the defendant, Mrs. Florence Cross, both undertook to see that the turn into the ice plant could be made in safety before turning, and that the plaintiff, Mrs. Blanch Berlin, advised Mrs. Florence Cross that the turn could thus be safely made, when if she had properly looked she could have seen that the turn could not be safely made because the Violetts' car was in such close proximity, and if you further find that this act on the part of the plaintiff contributed proximately in any degree, no matter how slight, to the happening of the accident and to her injuries, then the plaintiff cannot recover from the defendants, C. C. Violett and Mrs. C. C. Violett, and your verdict must be in their favor." A sufficient reply is, that the court did give other instructions which covered the points involved in the instruction so refused.

■ He also contends that the court erred in refusing to give the following instruction: "I instruct you that the evidence in this case discloses that at the point of the accident it was neither a business district nor a residence district as defined by the California Vehicle Act and therefore the maximum speed limit at that point was 40 miles per hour and if you find that the defendant, C. C. Violett, was driving his automobile at a speed not greater than 40 miles per hour that such speed would not of itself constitute negligence." As there was no evidence as to whether at the point where the accident occurred the district was neither "business" nor "residence", the instruction was properly refused.

Since there was legally sufficient evidence upon which to base the verdict, and as we find no error in the instructions

given or the rulings objected to, the verdict of the jury will have to be sustained.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.