[Civ. No. 9160. First Appellate District, Division One.—December 10, 1934.]

NELLIE EVANS, Respondent, v. ALLEN GEORGE MITCHELL et al., Appellants.

Frank V. Campbell, L. H. Schellbach and Garton D. Keyston for Appellants.

J. Francis Shirley, Lloyd C. White and Irvin A. Frasse for Respondent.

THE COURT.—An appeal by defendants from the judgment entered against them in an action for damages for personal injuries.

Plaintiff was injured while riding as a guest in a Ford automobile which was being driven south along Cowper Street in Palo Alto. At the intersection of this street with Coleridge Street a collision occurred with a Cadillac automobile which was being driven westerly along the last-named street by Allen G. Mitchell. The latter was a minor, whose application for an operator's license was signed by Idelle Mitchell, his mother. Plaintiff alleged that

her injuries were due to defendant driver's negligence. The defendants contend that the evidence shows that the sole proximate cause thereof was the negligence of the driver of the Ford car, and that the trial court erred in its instructions to the jury and in certain of its rulings.

It appears from the testimony that in approaching the intersection from the east the view to the north was obstructed by several trees and a hedge on the northeast corner of the intersection. The driver of the Ford car testified that she entered the intersection at a speed of fifteen miles an hour, and that she looked to the east as she entered but did not observe the Cadillac car until she had passed the center of Coleridge Street, when her car was struck on the left rear side. It appears that the impact turned the Ford car almost completely around and forced it upon the sidewalk. The testimony was conflicting as to the speed of the vehicles and their positions relative to the intersection immediately before the collision. It was testified that the Cadillac was stopped within a few feet of the point of impact and did not pass out of the intersection, and also that the Ford continued to travel for a distance of some forty feet.

■ It is claimed that this testimony renders untenable the contention that the speed of the Cadillac car was excessive. While such was the tendency of this evidence it was not conclusive as the weight to be given the testimony of the witnesses—some of whom were related to or were friends of the defendants—was a question for the jury.

■ A witness was permitted to testify that the impact of the Cadillac against the Ford pushed the latter car around and against a hedge. It is claimed that the answer was but the opinion of the witness and should have been stricken out. There is no merit in this contention.

■ The jury was instructed that if his negligence were proven it would be no excuse for the defendant to say that he did not know of the presence of another automobile on the street, or that it was not seen by him in time to avert a collision; further that it is the duty of a driver when his view is unobstructed to see automobiles on the road in front of his machine. We find no prejudicial error in this instruction. If the jury believed that the defendant's speed when entering the obstructed intersection was excessive, this would be sufficient to prove negligence, and the fact that he

did not know of plaintiff's presence would not excuse him (1928 Cal. Jur. Supplement, Automobiles, sec. 65, p. 142; *Soda* v. *Marriott,* 118 Cal. App. 635 [5 Pac. (2d) 675].)

While here the view was obstructed, and the latter portion of the instruction was inapplicable to the facts, it was not for this reason necessarily prejudicial, and it cannot reasonably be said that it was so in the present case.

The court also charged that all persons using the streets must use constant care and caution, and that in driving an automobile one must exercise reasonable care and caution in proportion to the danger as shown by the circumstances in each case; further that a driver must be on the watch for other vehicles traversing the highway, that this is a continuing duty and must be exercised in a reasonably careful and cautious manner at all times. Defendants claim that this instruction requires more than ordinary care, but we cannot agree with this contention. A driver must exercise constant care (*Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193]) ; and it is likewise a continuing duty that he be on the watch for other drivers (*Minor* v. *Foote,* 100 Cal. App. 441 [280 Pac. 197] ; *Berlin* v. *Violett,* 129 Cal. App. 337 [18 Pac. (2d) 737]); and the instruction requires no more than that he exercise reasonable care in those respects.

Complaint is also made of an instruction that if defendant was found guilty of negligence which proximately caused or contributed to the collision, it was for the jury to determine what pecuniary liability should be imposed, provided they found that plaintiff was free from contributory negligence.

As urged by defendants the negligence complained of must proximately cause injury to the plaintiff; but here under the facts, if the defendants' negligence proximately caused or contributed to the collision it necessarily followed that the same negligence was a proximate cause of plaintiff's injury; moreover, the correct rule was clearly stated in other instructions, and it is not reasonable to assume that the jury was misled.

The court also charged that every motor vehicle when operated on the public highway must be equipped with a horn capable of emitting sounds audible under normal conditions at a distance of not less than 200 feet, and that a violation of any provisions of the California Vehicle Act,

except provisions regarding the speed of vehicles, constituted negligence, but that the question whether such negligence, if any, proximately caused or contributed to plaintiff's injury was for the jury to determine from the evidence.

As urged by defendants, there was no evidence that their car was not properly equipped, and the instruction to that extent was erroneous. It is the rule that an instruction must be applicable to the evidence, and where this is not the fact it is ground for reversal if it is calculated to mislead (24 Cal. Jur., Trial, sec. 95, p. 830). But here the jury was also told that it was for them to determine from the evidence whether there was negligence with respect to the equipment, and we are of the opinion that they must have so understood it. Moreover, an error of this character is not ground for reversal where the evidence on other issues is sufficient to sustain the vedict (*Eppinger* v. *Kendrick,* 114 Cal. 620 [46 Pac. 613] ; *Bosqui* v. *Sutro R. R. Co.,* 131 Cal. 390, 401 [63 Pac. 682] ; *Mundorff* v. *Ramm,* 66 Cal. App. 553, 569 [226 Pac. 829] ; *Brandes* v. *Rucker-Fuller Desk Co.,* 102 Cal. App. 221 [282 Pac. 1009] ).

█ It is not contended that plaintiff was in any degree negligent, or exercised any control over the driver of the car; consequently the negligence of the latter, if any, was not imputable to her (*Marchetti* v. *Southern Pacific Co.,* 204 Cal. 679 [269 Pac. 529] ). █ If the defendant driver was guilty of negligence which was the proximate cause of plaintiff's damage, the fact that the driver of the Ford car was guilty of contributory negligence would not bar recovery (*Kelley* v. *Hodge Transportation System,* 197 Cal. 598 [242 Pac. 76] ).

The physical circumstances of the accident together with the testimony of the witnesses support the conclusion of the jury that defendant driver was negligent and that his negligence was a proximate cause of the damage, and the record discloses no error which would warrant a reversal.

The judgment is affirmed.