[Civ. No. 11357. Second Appellate District, Division Two.—June 23, 1937.]

JAMES J. HOLIBAUGH, Appellant, v. KISHERO ITO et al., Respondents.

HATTIE MATHEWS, Appellant, v. KISHERO ITO et al., Respondents.

482

Garnet C. Rainey and Edward D. Neuhoff for Appellant Holibaugh.

Merriam, Rinehart & Merriam for Appellant Mathews.

Joseph A. Spray and Charles P. Gould for Respondents.

McCOMB, J.—The above-entitled actions to recover damages for personal injuries were consolidated for trial and plaintiffs appeal from judgments in favor of defendants after trial by jury. The questions raised by both appeals will be disposed of in this opinion.

Viewing the evidence most favorable to defendants (*Hind* v. *Oriental Products Co., Inc.*, 195 Cal. 655, 661 [235 Pac. 438] ; *Dreyer* v. *Cole*, 210 Cal. 339, 341 [292 Pac. 123]), the facts in the instant case are:

April 14, 1935, plaintiff James J. Holibaugh was driving an automobile owned by plaintiff Hattie Mathews, in which she was riding at the time, easterly on Washington Street in the city of Pasadena, California. At the same time defendant Martha Ito was driving southerly on Forest Avenue approaching the point where it intersects Washington Street. The two cars collided at the intersection, resulting in personal injuries to plaintiffs. The automobile operated by defendant Martha Ito was owned by defendant Hiruo Ito, with whose approval she was driving, and she was acting as the agent of defendant Kishero Ito.

Plaintiff Holibaugh testified that just prior to entering the intersection he looked north on Forest Avenue, his view being unobstructed for 150 feet, but did not see the car driven by defendant Martha Ito, which the driver of a car immediately preceding that in which plaintiff Holibaugh was riding testified was at the time approaching the intersection on Forest Avenue approximately 100 feet north thereof.

## A.

Both plaintiffs urge reversal of the judgments against them on the ground that *the trial court committed prejudicial error in instructing the jury as follows:*

*"To look and fail to see that which is in plain sight is just as negligent as not to look at all. I instruct you that if you believe from the evidence that the plaintiff, Mr. Holibaugh, looked north on Forest street before he entered the intersection, and you further believe that the defendant's car was in plain sight and that Mr. Holibaugh failed to see it, then I instruct you that under such circumstances and under such a finding, Mr. Holibaugh was guilty of negligence, and if such negligence proximately contributed, in the slightest degree to the happening of the accident in question, then your verdict must be in favor of the defendants. But at all times remember it is for you as the jury to pass upon the fact as to whether or not, when Mr. Holibaugh reached the intersection and looked to the left, as he testified, he did look to the left and did not see. I say it is for you to determine from the evidence whether he could have seen the automobile. If you find he could have seen the automobile of Miss Ito, then for him to fail to see it, and if that failure to see was in any manner proximately the cause of the accident, your verdict must be for the defendants.*

*"As I have said to you, you are the sole judges in determining whether a person is negligent in failing to see a vehicle which is in sight, if you find from the evidence that it was in his sight or view.*

*"However, if you find that the plaintiff, Mr. Holibaugh, was negligent in not observing or seeing the approaching Chevrolet automobile, this negligence in itself would not bar the recovery of the plaintiffs unless you further find from the evidence that such negligence was the proximate cause or proximately contributed to his injuries, if any, as defined to you in these instructions.*

. . . . . . . . . . . . . . .

*"And on that subject it is further stated:*

*"Neither the court or jury is bound by the mere declaration of a witness, no matter how improbable, incredible or impossible that declaration may be. The court or jury is only bound by swearing credibly, that is to say, credible*

*swearing is all that is to conclude either the court or the jury
in its judgment.*

"*And, further, it is not enough for a witness to say that
he looked with unseeing eyes or listened with unhearing ears.*"

It is contended that the foregoing instructions were
erroneous for three reasons:

(1) It is not negligence as a matter of law for one to look
and fail to see that which is in sight.

(2) The instruction does not correctly state the rule of
conduct required of the driver of an automobile about to
cross an intersection.

(3) The instruction is ambiguous, contradictory, and un-
intelligible in that it embodies conflicting and repugnant
rules of law.

 The first objection to this instruction is not valid for
the reason that the·instruction did not charge the jury that
for one to look and fail to see that which is in sight constitutes
negligence as a matter of law but merely told the jury that
it was as negligent *to fail to observe* that which could be
plainly seen as *not to look at all.*

Plaintiffs have selected for criticism two sentences from
the instructions:

(a) "to look and fail to see that which is in plain sight
is just as negligent as not to look at all".

(b) "and further it is not enough for a witness to say
that he looked with unseeing eyes or listened with unhearing
ears."

 The law is settled that an appellate court in review-
ing instructions will read the charge as a whole, considering
the instructions given in connection with each other and, if
without straining any portion of the language, the instruc-
tions as a whole fairly and accurately state the law, they will
be approved.

 It is to be noted that in addition to the instruction
quoted above the learned trial judge instructed the jury as
follows:

" . . . you are not to single out a certain sentence or an
individual instruction, but you are to consider all of the in-
structions together and as a whole, and you are to harmonize
them so far as it is possible for you so to do."

Applying the rule of law stated, *supra,* relative to the duty
of this court in reviewing instructions, we find that the

criticized language in the instructions in the instant case has met with the approval of this court. In *Berlin* v. *Violett,* 129 Cal. App. 337, 340 [18 Pac. (2d) 737, 738], Mr. Justice York, speaking for the court, says:

"Appellant objects to the giving immediately thereafter of the following instruction: 'All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.' We find no error in this instruction."

See also *Chandler* v. *Benafel,* 3 Cal. App. (2d) 368, 371 [39 Pac. (2d) 890]. Again in *Warnke* v. *Griffith Co.,* 133 Cal. App. 481, 493 [24 Pac. (2d) 583, 588], Mr. Justice Archbald says:

"The court also instructed the jury that 'it was the duty of plaintiff to exercise his faculties of sight and hearing to apprise himself of danger, if any, and to use ordinary care at all times in exercising his senses of sight and hearing. To look in a careless manner or to listen in a careless manner is not to look or listen at all.' To the first part of such instruction appellant urges that it was error to instruct the jury that 'it was plaintiff's duty to exercise his senses of sight and hearing *at all times* to apprise himself of danger'. We do not believe that construction can be placed on the language used by the court. That it was appellant's duty to exercise such faculties for such purpose and to use ordinary care at all times in such exercise could hardly be questioned, and that is all the court said."

The case of *Prato* v. *Snyder,* 12 Cal. App. (2d) 88 [55 Pac. (2d) 255], upon which plaintiffs strongly rely, is factually different from the present case for the reason that in the Prato case the real issue was: Which of the parties was on the wrong side of the road at the time of the accident? Under the evidence presented defendant might "have suddenly appeared on the wrong side of the highway", while in the present case the uncontradicted evidence demonstrated the approximate position of the automobile driven by defendant Martha Ito at all times in question.

■ The second objection is likewise untenable. Relative to the duty of care required of a driver of an automobile

about to cross an intersection the court instructed the jury as follows:

"The defendant Martha Ito was not required under the law to use any more care in driving her automobile than that amount of care which would have been used by an ordinarily prudent person driving an automobile along the same highway under the same circumstances, and you are instructed that the plaintiff Holibaugh and the defendant Martha Ito and each thereof were required to use exactly the same degree of care to avoid the collision, to-wit, ordinary care. In other words, the defendant Martha Ito was not required under the law to use any greater degree of care to avoid the accident than the plaintiff Mr. Holibaugh was required to use to avoid the accident. Both were required to use exactly the same degree of care, to-wit, ordinary care.

. . . . . . . . . . . . . .

" 'Ordinary care', or its opposite, 'neglect', are not absolute terms, but they have reference to times, places and circumstances and it is the duty of the driver of a vehicle which is approaching an intersection of highways where other vehicles are liable to pass, to look both ways before entering such intersection. It is your duty as the jury to determine from all the evidence introduced in this case what amount of vigilance was requisite on the part of the respective drivers in order to constitute due care on their respective parts."

These instructions were accurate statements of the law. (*Evans* v. *Mitchell*, 2 Cal. App. (2d) 702, 706 [38 Pac. (2d) 437]; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 340 [208 Pac. 125]; *Ramsey* v. *Pasini*, 108 Cal. App. 527, 531 [291 Pac. 884].)

■ The third objection is without merit. Reading the instructions as a whole and giving the words employed their natural and ordinary meaning, we are of the opinion the learned trial judge fully, fairly, and accurately stated to the jury the necessary rules of law for their guidance in determining the cases before them.

B.

■ Plaintiff Hattie Mathews urges reversal of the judgment in favor of the defendants upon the additional proposition that *the trial judge committed prejudicial error in stating to the jury:*

*"It appears from the evidence of the plaintiff Holibaugh himself that he knew that these north and south streets in that locality were fast streets."*

This contention is untenable. Plaintiff Holibaugh's testimony was:

"Q. There are no stop signs around there? A. No, sir. I have driven on that street for the last twelve years, on Washington between Grand and Lincoln, and that is a fast street as are all of those streets there traveling south. . . . Q. You were familiar with it? A. Yes, I was familiar with them, I drove for the Smith Lindsey Lumber Company for six years. Q. What did you drive, a truck? A. Yes, I drive a truck up and down that street every day and *I do know that is a fast street or those are fast streets and I drove up and down there all of the time."*

It is apparent that the statement of the trial judge was practically a repetition of a portion of the testimony of plaintiff Holibaugh. The law is settled that the trial judge may make such comment on the evidence, testimony, and credibility of any witness as in his opinion is necessary for the proper determination of the case. (Art. VI, sec. 19, Const. of Cal.; *People* v. *Gosden*, 6 Cal. (2d) 14, 27 [56 Pac. (2d) 211].) Therefore, the trial judge's comment was proper, unless it was incumbent on him also to make a statement of the testimony of defendant Martha Ito. This he was not required to do. In deciding this identical point in *People* v. *Gosden, supra,* Mr. Justice Curtis says at page 27:

"The right of the court to single out any individual witness in commenting upon his testimony seems to be expressly given by the Constitution which, as we have seen, provides that the court may make such comment on the evidence and the testimony and credibility of any witness as in his opinion is necessary for the proper determination of the case. It is true there are decisions of this court, rendered prior to the adoption of said amendment, and in other jurisdictions, which hold that the court may not single out an individual witness and direct its instructions to the witness mentioned. But if we are to give full effect to the Constitution as it now is in force and which expressly gives the court the power to comment upon the testimony of 'any witness', we must hold that a new rule of procedure has been engrafted onto the jurisprudence of this state which permits the court to single

out an individual witness and comment upon his testimony, which power the court did not possess prior to the recent amendment to the Constitution."

For the foregoing reasons the judgments are and each is affirmed.

CRAIL, P. J., Concurring.—I concur in the judgment but the instructions are not models. They are justified or redeemed in part by article VI, section 4½ of the Constitution, and I think it is not good policy to set them out in full in the opinion.