## CAMPBELL v. KOZERA et al.

### No. 5089.

District Court, N. D. California, N. D.

Nov. 21, 1945.

252

John Van Aalst, of Los Angeles, Cal., for plaintiff.

Cooley, Crowley & Supple, of San Francisco, Cal., and Gerald M. Desmond, of Sacramento, Cal., for defendants.

WELSH, District Judge.

Plaintiff sued to recover damages for personal injuries sustained in an automobile accident. She alleges in her complaint that she was operating a certain Chevrolet automobile on the 17th day of November, 1943, at about the hour of 6 o'clock p. m. at the intersection of Elmira Road and U. S. Highway 40, and that while she was driving in an easterly direction on Elmira Road, the defendant, Raymond Kozera, operated a G.M.C. truck in a northerly direction on U. S. Highway 40 so negligently that it struck the rear of plaintiff's Chevrolet.

Defendants Kozera and O. J. Mitchell denied negligence on the part of the driver of the truck, and alleged contributory negligence of plaintiff.

Undisputed facts established by competent evidence are: the Elmira Road runs east and west; U. S. Highway 40 runs north and south; plaintiff was approaching a stop sign on the Elmira Road, which was located approximately 80 feet from the center of Highway 40, when her automobile came to a complete stop; George E. Gilpatrick raised the hood of her car, made some suggestions, and she started the car again; she continued to operate it in an easterly direction without making any other stops as she came onto Highway 40, and drove across it until her car was struck by the car operated in a northerly direction by the defendant Kozera; she drove up an incline as she approached the main traveled highway, from which there was a visibility of several hundred feet to her right; said Highway 40 is the main traveled thoroughfare between San Francisco and Sacramento; and the Elmira Road is a small highway which intersects it.

The witness George Bruni testified that there was a limit mark near the west edge of the concrete at the time of the accident. The word "stop" was also painted immediately west of the paved portion of Highway 40.

Plaintiff admitted that she did not stop at this limit line.

It was plaintiff's duty under the law to stop at the limit line before entering the main highway.

Section 577 of the California Vehicle Code, St.1939, p. 1608, provides: "The driver of any vehicle upon approaching any entrance of a highway or intersection signposted with a stop sign as provided in this code, except as otherwise permitted or directed in this code, shall stop before entering the nearest crosswalk or, if none, then at a limit line when marked, otherwise before entering such highway or intersection." This made it imperative for plaintiff to stop at the "limit line."

While the witness Armory Elmo Alley, Chief of Police of Vacaville, was on the witness stand, counsel for both sides stipulated that there was an official stop sign on Elmira Road as provided by said code. The defendant Kozera testified that the word "stop" was painted in large white

letters and visible on the west side of the highway on the Elmira Road.

Plaintiff's failure to stop at this limit line amounted to negligence on her part. Such negligence contributed to the happening of the collision.

Plaintiff was also negligent in another respect. She failed to look as a reasonably careful person would have looked. It is true that she testified that she did look to ascertain whether or not there were approaching vehicles on the main traveled Highway No. 40. But the fact that she did not see the truck operated by the defendant Kozera establishes that she did not look as required by law. She testified that the visibility to her right for a distance of 1,000 feet was good. She said that when she got on the highway she looked but did not see anything coming, and that at almost the center of the highway she looked a second time but still did not see anything coming from either direction.

That brings her testimony within the purview of the often quoted language of Mr. Justice Henshaw of the Supreme Court of California in Zibbell v. Southern Pac. Co., 160 Cal. 237, 242, 116 P. 513, 515: "When to look is to see, the mere utterance that one did look and could not see will be disregarded as testimony by the court. * * *."

Plaintiff violated the provisions of Section 552 of the California Vehicle Code, St.1935, p. 187, which reads: "The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard."

Even if she had stopped in accordance with the California statutes, it would still have been her duty, after starting again, to yield the right of way to defendant's truck because that truck was on a through highway.

If plaintiff had stopped at the limit line of Highway 40 and yielded the right of way to defendant, the collision would not have happened. Defendant's truck could have passed in front of plaintiff if she had observed her legal obligation to yield the right of way.

If plaintiff had looked with seeing eyes, and acted as a reasonable driver under the circumstances, she would not have driven in front of defendant's truck.

Some of the expressions of the Courts on this subject are: "No driver is at any time excusable for want of vigilance or failure to observe what may be plainly seen." Angelo v. Esau, 34 Cal.App.2d 130, 93 P.2d 205, 209.

"It is negligence not to see what is clearly visible where there is nothing to obscure the vision of the driver, for the driver of a motor vehicle on the public highway is not only required to look, but he must look in such careful manner as will enable him to see the things which a person in the exercise of ordinary care and caution would see under like circumstances." Willis v. Schlagenhauf, 1936, 8 W.W.Harr., Del. 96, 188 A. 700, 701, 703.

"He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing and if * * * he * * * looked * * * and did not see what was plainly to be seen * * * he was guilty of contributory negligence which would bar plaintiff's recovery." Carey v. De Rose, 286 Mich. 321, 282 N.W. 165.

"All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law." Berlin v. Violett, 129 Cal.App. 337–340, 18 P.2d 737, 738.

"The foregoing statement of the law is approved in Holibaugh v. Ito, 21 Cal.App. 2d 480, 69 P.2d 871." Hontou v. Orvis, 42 Cal.App.2d 585, 109 P.2d 395, 397.

"An automobile driver is bound to use his eyes, and to see seasonably that which is open and apparent and govern himself suitably." Tibbetts v. Harbach, 135 Me. 397, 198 A. 610, 613.

"The law charges an automobile driver with seeing what he should have seen." Iglesias v. Campbell, La.App., 1936, 170 So. 265, 270.

Plaintiff was likewise guilty of contributory negligence in failing to see what she could have seen, in not stopping at the limit line of Highway 40 and in not yield-

254

ing the right of way to defendant's truck which was on a through highway.

■ The Court is also of the opinion that the driver of the truck was not negligent. He was driving on a main highway between two of the principal cities of California whereon he had a legal right to drive at a speed of 55 miles per hour; however the testimony indicates that he was going between 30 and 35.

A car which had approached from the east on Elmira Road stopped at the shoulder when it came to the intersection with Highway 40. It was but reasonable for the driver of the truck to suppose that plaintiff would have made a similar stop when she approached the limit line. When she did not it was still reasonable to suppose that she would stop before she came into defendant's lane of traffic. When she did not, defendant Kozera was confronted with the possibility of swerving to his right and striking the automobile parked there which had observed the law, or trying to swerve to his left in an effort to avoid a collision with plaintiff's automobile. It appears from the evidence that he did all that a reasonably careful man would have done under the circumstances.

It is accordingly held that plaintiff take nothing by reason of her complaint, and that judgment be entered herein in favor of the defendants, with costs, upon findings of fact and conclusions of law to be hereafter presented and filed by the attorneys for the defendant.