[Civ. No. 16697. Second Dist., Div. One. Apr. 6, 1949.]

MARY E. HUETTER, Appellant, v. MILTON ROY
ANDREWS et al., Respondents.

Edward Feldman and James Wolf for Appellant.

Hunter & Liljestrom and Rodney F. Williams for Re-
spondents.

DORAN, J.—This is an appeal from the judgment.

The action is for damages resulting from an automobile collision. There appears to be no dispute as to the facts. Appellant's brief recites that, ''On March 10th, 1946, the plaintiff, Mary E. Huetter, accompanied her son, Stephen Huetter and his wife, Theresa B. Huetter, for a ride to Palm Springs in his Chevrolet automobile, which we shall refer to as the Huetter car. The plaintiff rode in the rear seat; her son and his wife occupied the front seat. The parties traveled eastbound along Highway 99. This highway, east of Banning, in the vicinity of the accident, is a divided roadway. Each side consists of two lanes and is reserved for one-way traffic and separated from the other side by a parkway. At a point approximately 1.9 miles east of Banning the two roadways are connected by a paved crossover which enables a vehicle to cross from one side of the divided highway to the other. On the north, or westbound, side of the highway, at a point just east of this crossover there is a gasoline station. At about 2:30 in the afternoon the Huetter car was proceeding in an easterly direction on the southerly half of the divided highway. Intending to cross over to the north side of the highway to buy some gasoline, plaintiff's son came to a stop on the asphalt shoulder of the highway, approximately 20 feet beyond the crossover, After waiting while three eastbound cars passed and there being no other eastbound cars in sight, plaintiff's son backed his car in a semicircular curve to a point opposite the crossover, and stopped with the rear wheels on the shoulder and the front wheels in the southerly lane of the south half of the highway, so that the car was facing north and slightly east, ready to proceed across the crossover.

''At this point plaintiff's son again looked to the west, in which direction his vision was unobstructed for approximately 850 feet, at which point there was a small bridge and the road made a slight turn. Upon so looking, plaintiff's son saw the car driven by the defendant, then approximately 800 feet away. Plaintiff's son then looked straight ahead, shifted gears, and proceeded slowly in low gear at not more than 5 miles per hour, across the highway. As the front wheels of his car entered the crossover and the rear wheels were crossing the center line of the southerly half of the highway, the left side of the Huetter car was struck by the front of the car driven by the defendant, causing severe and permanent injuries to the plaintiff.

"The defendant was driving eastbound on Highway 99, en route to El Centro, California, with his fiance, at a speed of approximately 40 to 50 miles per hour. The distance from the easterly end of the bridge to the point of impact was approximately 850 feet. The highway was level. The day was clear and dry. As defendant drove the said distance of 850 feet there were no cars or other objects of any kind which obstructed his view. During this entire time, the Huetter car was directly in front of the defendant, preparing and commencing to cross the highway to the other side.

"Although he was looking straight ahead the entire time, the defendant did not see the Huetter car until he was approximately 75 to 100 feet away from it, at which time the front end of the Huetter car had passed the center dividing line of the eastbound section of the highway. The defendant's car was still traveling 35 to 40 miles per hour at the time of the impact and its wheels left no skidmarks."

The jury returned a verdict in favor of defendants.

It is contended on appeal in part that, (1) "The evidence is not sufficient to support the verdict of the jury"; (2) "The defendants were guilty of negligence as a matter of law"; (3) The court erred in giving certain instructions, in modifying an instruction requested by plaintiff and in refusing to give certain instructions requested by plaintiff; and in giving certain instructions requested by defendants.

One of the instructions requested by defendants and given as requested related to insurance. Appellant contends that such an instruction, "should not have been given" and argues that, "An instruction that an insurance company is not a party to an action may be proper under certain circumstances, such as when the plaintiff has been guilty of improper questions as to insurance. In the absence of such improper questions, such an instruction should be refused. (*Bennett* v. *Chandler,* 52 Cal.App.2d 255, 264 [126 P.2d 173].) When, as here, the plaintiff has not injected the subject of insurance into the trial and especially where the only reference to insurance at the trial did not concern liability insurance, it is error to give such an instruction.

"The advantage to the defense of such an instruction cannot be discounted and is borne out by the efforts of all defense counsel to obtain such an instruction whenever possible. In this case, the only reference to insurance came upon the cross-examination of the defendant who, when asked as to the damage to his car, stated that 'the insurance company is the

one that has the final analysis on that.' Such a voluntary statement by the defendant, with obvious reference to collision insurance and not liability insurance, does not warrant or justify the instruction given.

''The advantage to the defendant is further brought out by the fact that the defendant is an ex-Marine, 22 years of age, who, during the entire trial, wore a discharge button and defendant's counsel also wore a discharge button during the entire·trial. Furthermore, defendant's counsel, very pointedly, brought out the war record of defendant. On the other hand, the plaintiff is an elderly woman over sixty years of age.''

Appellant's contentions are disputed in connection with which it is urged that, ''Respondents are entitled to the benefit of the well established rule that in a case such as this the court should examine the evidence in the light most favorable to the respondent.'' It is also argued in substance that the jury's conclusion is supported by the evidence and that, ''It is therefore respectfully submitted that the jury had a right to impliedly find from the evidence that the failure of defendant Andrews to see the Huetter car prior to the time that he did was not a proximate cause of the accident, . . . .''

Respondent submits the ''questions involved'' are:

''I. Was there any substantial evidence to support the verdict of the jury?

''II. Did the Court commit prejudicial error in the giving, refusing to give, or modifying instructions?

''III. Did the Court abuse its discretion in not submitting a special verdict to the jury?''

It is conceded by appellant that generally ''the question of negligence is one of fact for the trial court and that the power of the appellate court is limited to a determination as to whether there is any substantial evidence contradicted or uncontradicted, which will support the conclusion reached by the jury.'' ■ However, it is also well settled that when there is no substantial conflict in the evidence and when from a review of the record on appeal negligence is evident as a matter of law, the appellate court has the power to so declare and determine the related issue or issues accordingly. (*Loftus* v. *Pacific Elec. Ry. Co.*, 166 Cal. 464 [137 P. 34]; *Traylen* v. *Citraro*, 112 Cal.App. 172 [297 P. 649].)

■ As recited in appellant's brief, ''The claim of appellant that the defendants were negligent as a matter of law

is based upon the uncontradicted evidence in the record that the highway for 850 feet preceding the point of impact was straight; that the day was clear and dry; that defendant drove this 850 feet looking straight ahead; that there were no other cars on the highway ahead of him other than the Huetter car; that there was no obstruction of his view; that he did not see the Huetter car until he was 75 to 100 feet away from it; that he continued a straight course until the point of impact.''

That appellant's ''claim'' as above recited is supported by the evidence there can be no question. And that such conduct amounts to negligence as a matter of law is well supported by the authorities. In the circumstances revealed by the record one who does not see that which is clearly visible and would have been seen by one exercising ordinary care, as result of which a collision occurs, is guilty of negligence as a matter of law. The collision obviously was the result of defendant's failure to see plaintiff's car until the collision was unavoidable. In this connection the exhibits, consisting in part of 10 or 12 photographs, are practically conclusive.

''All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.'' (Holibaugh v. Ito, 21 Cal.App.2d 480, 485 [69 P.2d 871].)

The operator of an automobile is bound to anticipate that he may meet persons or vehicles at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another automobile driven with care and caution as a reasonably prudent person would do under similar conditions and, ''All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.'' (Berlin v. Violett, 129 Cal.App. 337, 340 [18 P.2d 737].)

The operation of defendants' car with the obvious disregard for ordinary care revealed by the record constituted negli-

gence as a matter of law and was the proximate cause of plaintiff's injuries.

Although other alleged errors relied on by appellant are not without merit, they require no consideration in the circumstances.

The judgment is reversed and the cause remanded for trial on the issue of damages only.

White, P. J., concurred

Respondents' petition for a hearing by the Supreme Court was denied June 2, 1949. Edmonds, J., and Schauer, J., voted for a hearing.