[Civ. No. 5010. Fourth Dist. Jan. 3, 1955.]

GEORGE J. HANSEN, Respondent, v. MARVIN BLEDSOE et al., Appellants.

John L. Roberts for Appellants.

Alva D. McGuire for Respondent.

GRIFFIN, J.—In this nonjury action for damages arising out of an automobile accident on May 28, 1951, plaintiff recovered judgment against defendants. Claims of damages by defendants against plaintiff on their cross-complaint were denied.

The contentions on this appeal are that plaintiff failed to prove that defendants were guilty of negligence which was a proximate cause of the accident; that plaintiff was guilty of negligence, as a matter of law, which was the sole proximate cause of his injuries and damages; and insufficiency of the evidence to support the findings and judgment. No reporter was present at the trial and the record of the evidence comes to us on a settled statement of oral testimony. (Rule 7(b), Rules on Appeal.)

The accident happened in Riverside at the intersection of Eighth and Pine Streets about noontime. Pine Street runs generally in a north and south direction. Eighth Street is a through highway (U.S. 60) 60 feet wide, with a double white center line. Each side of the street is divided into traffic lanes. Stop signs were erected on the Pine Street approach to Eighth Street. Plaintiff Hansen was driving his new 1951 Victoria Ford south on Pine Street. Defendant Love (aged 16) was driving a Chrysler Sedan owned by defendant Bledsoe east on Eighth Street in the first lane south of the center line. The two cars collided in the intersection.

Plaintiff testified that when he approached Eighth Street he stopped at the stop sign, looked to his left, then straight ahead, then to his right, and saw no automobiles approaching from either direction; that he started forward, again looked to his left, straight ahead and to his right, as before, and it was then, by a fleeting glance, he first observed the Bledsoe

vehicle to his right approximately 15 to 20 feet away, moving rapidly; that at that time the front portion of his own car was just crossing the double white center line of Eighth Street and the defendant's car was approaching in the first lane south of it; that plaintiff did not blow his horn or apply his brakes because he had no time to do so; that the collision occurred and plaintiff's car came to rest at a point about 94 feet from the point of impact after it had crossed over the curb and gone onto the front yard of the property at the southeast corner of this intersection; that the Bledsoe car stopped near the point of impact; that in his opinion the Bledsoe car was coming at a high rate of speed when first observed by him; that after the collision an automobile mechanic examined his car at the request of the investigating officer and found his car to be in low gear; that the impact rendered his brakes useless and the momentum of the car carried it over the south curb and onto the lawn. In his deposition, on cross-examination, he testified his car was traveling between 15 and 20 miles per hour in low gear at the time of the collision, and he did not speed up because he figured he had plenty of time to get out of the way.

Defendant Love testified that as he was approaching the intersection, i.e., about 450 feet west of it, he was traveling 23 or 24 miles per hour and continued to do so until he was about 40 feet from the intersection; that he then observed the Hansen car ''about out'' into the intersection from the north, proceeding south in front of him; that when he first observed it the rear wheels were just clearing the north curb line of Eighth Street; that he applied his brakes and skidded 18 feet before the impact took place, and the front of his car turned 6 or 7 feet to the right where it came to rest; that the left front of the Bledsoe car came in contact with observed the Hansen car he was on his own side of the road the right front fender of plaintiff's car; that at the time he driving approximately two feet to the right of the double white line; that at all times he was in that lane of traffic up to the pont of impact; that the Hansen car appeared to be traveling 15 to 20 miles per hour and that he did not hear any horn or see any signal.

A police officer testified that the Bledsoe vehicle left approximately 18 feet of skid marks before the impact and approximately 6 feet of skid marks after it, stopping approximately 6 feet from the point of impact at a 45-degree angle to the right; that the accident occurred approximately

6 feet each of the west curb line of Pine Street and approximately 24 feet north of the south curb line of Eighth Street. After plaintiff rested his case defendants' motion for nonsuit was denied.

The trial court found that Love drove his car on Eighth Street in a 25-mile per hour zone "at an unsafe speed," and in such a careless and negligent manner that same was caused to collide with plaintiff's car; that plaintiff sustained general damages in the sum of $500, sustained cuts and bruises, nervous shock which aggravated an existing heart condition, and was compelled to employ medical services in the sum of $409.55. Judgment was rendered accordingly. A motion for new trial on all statutory grounds, including insufficiency of the evidence, was denied.

The evidence presented could support a finding that defendant Love was guilty of some negligence in failing to look and to see plaintiff's car which was apparently in the intersection when defendant entered it. (*Berlin* v. *Violett*, 129 Cal.App. 337, 340 [18 P.2d 737]; *Evans* v. *Mitchell*, 2 Cal. App.2d 702, 705 [38 P.2d 437].) The evidence might well have supported a finding that plaintiff was also guilty of negligence in "shooting out" from Pine Street in the manner indicated by defendant Love, and in failing to see the approach of defendants' car, which must have been in his vision under the circumstances related. (*Soda* v. *Marriott*, 118 Cal.App. 635 [5 P.2d 675]; *Donat* v. *Dillon*, 192 Cal. 426 [221 P. 193]; *Collonan* v. *Rosellini*, 21 Cal.App.2d 33, 36 [68 P.2d 367]; Veh. Code, § 552.)

While it may be difficult to hold, as a matter of law, that plaintiff was guilty of negligence, the evidence clearly indicates that he was guilty of some negligence. However, in view of the state of the record on this appeal, it becomes unnecessary to determine these issues at this time. The court found that plaintiff suffered $500 general damages. The general damages sought in the complaint were for $2,000 for severe shock to his nervous system, an aggravated heart ailment, and special damages of $436.01 for repair and loss of the use of his car, all totaling $2,487.67.

The only evidence of plaintiff's claimed injuries, set forth in the settled statement, is that he "was shaken up in the accident and received doctor's care." While there may have been other testimony produced at the trial on the subject, the only evidence before us indicates that the sum allowed for general damages was not justified.

■ The finding that by virtue of defendants' negligence plaintiff suffered shock, etc., and was compelled to employ medical services and expend money for drugs and medicines, etc., to his further damage of $409.55, is likewise unsupported by the statement of the evidence and exhibits before us. The medical bills, although marked for identification, were not received in evidence for the reasons indicated in the settled statement, and there was no other evidence on the subject of medical bills nor was there medical testimony produced. There does appear, as plaintiff's exhibit, a so-called written estimate of the cost of the repair of plaintiff's car, totaling $409.55. This is the exact amount allowed for medical bills. There is no finding that any particular amount was allowed for repair of the car or that any such damage resulted. While there may have been evidence produced on the subject, it is apparent that the settled statement on appeal does not so indicate. Accordingly, the amount allowed for medical services, etc., is likewise unsupported by the evidence before us.

■ Since a retrial of the action on the issue of damages is necessary, and since the issues of negligence of the respective parties is a close one, there should be a retrial on all issues. (*Leipert* v. *Honold,* 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185] ; *Rose* v. *Melody Lane,* 39 Cal.2d 481, 488 [247 P.2d 335] ; *Patterson* v. *Rowe,* 113 Cal.App.2d 119 [247 P.2d 949] ; *Wilson* v. *Rhoades,* 113 Cal.App. 2d 14 [247 P.2d 727].)

Judgment and order denying a new trial reversed.

Barnard, P. J., and Mussell, J., concurred.