Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 8669. Oct. 18, 1955.]

WARREN L. ERWIN et al., Respondents, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Appellant.

Robert W. Walker and Henry M. Moffat for Appellant.

John B. Moore and Robert G. Irvin for Respondents.

SWAIN, J.—The defendant appeals from a judgment of $1,715 and costs in favor of the two plaintiffs (husband and wife) for damage to their automobile caused by a collision between it and a train of the defendant. The accident happened where Anaheim-Telegraph Road crosses defendant's track at grade near Santa Fe Springs station. The crossing is protected by red flashing signal lights and automatic gates which are activated when a train is 4,500 feet from the crossing. In addition to that, the engine whistle was properly blown and its bell rung. The trial court found that "there was no negligence on the part of defendant railroad in the arrangement, design, installation, timing, maintenance, repair or operation" of the signal devices of the defendant. The signal lights were operating as the plaintiff driver (Mrs. Erwin) approached the crossing but she did not stop as required by Vehicle Code, section 575, subdivision (a), although she had time to do so had she kept the lookout rule. Instead, she drove onto the track where her car stalled. Fortunately she and her passengers got out of the car before the collision but the automobile was struck by the engine and badly damaged.

The evidence most favorable to respondents upon which the above statement that the plaintiff driver had time to stop had she kept the lookout rule is as follows. There was an interval of three seconds between the moment the crossing signals started to flash and the moment the crossing gates started to descend and it takes the gates three seconds to descend. Despite the adequate warning afforded plaintiff driver of the approach of the train she proceeded upon her course to a point where her car was under the descending arm of the gate, and although she then had ample opportunity to stop, she did not do so for the reason, as she stated, that she did not want the arm of the gate to strike her car. This,

however, does not excuse her failure to stop before she reached this point, because the arm, when down, is "only a few feet" from the track. She was required to stop "within 50 feet but not less than 10 feet from the nearest track" (Veh. Code, § 575, subd. (a)). As she approached the track she should have been driving at a rate of speed so that she could have stopped as required. Her testimony is that she was going 25-35 miles per hour and then slowed down after she saw the signals. The testimony most favorable to her is that she was driving 25 miles per hour. At that rate she traveled approximately 37½ feet per second or approximately 112½ feet after the lights started flashing and before the gates started to descend. At that speed she should have been able to stop in 58 feet (Veh. Code, § 670). From her own testimony, however, she did not see the lights during that period nor until the gates started to descend. At that time she was three to six car lengths away or 50-100 feet. She knew she was approaching a railroad crossing. ■ It was negligence as a matter of law to fail to see signals which were operating properly as she approached the crossing (*Huetter* v. *Andrews* (1949), 91 Cal.App.2d 142 [204 P.2d 655]; *Pate* v. *Pickwick Stages System* (1932), 125 Cal.App. 670 [14 P.2d 174]). "All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicles or persons lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law." (*Holibaugh* v. *Ito* (1937), 21 Cal.App.2d 480, 485 [69 P.2d 871].)

The plaintiff driver was guilty of negligence as a matter of law in two respects: (1) she failed to keep the lookout rule, and (2) she failed to stop as required by the Vehicle Code.

The judgment is reversed. Appellant is awarded its costs of appeal.

Shaw, P. J., and Patrosso, J., concurred.