[Civ. No. 21248.   Second Dist., Div. Two.   Feb. 6, 1956.]

HARRISON D. LEEPER et al., Respondents, v. HENRY NELSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

W. P. Smith for Respondents.

ASHBURN, J.—Defendant Nelson appeals from a judgment for $1,060.97 rendered in favor of both plaintiffs, Harrison D. Leeper and Gaynell Leeper, after a nonjury trial. Findings were waived.

■ Appellant challenges the sufficiency of the evidence. In such case, ''The appellate court's function begins and ends with a determination as to whether or not there is any substantial evidence which will support the findings of the trier of fact.'' (*Guardianship of Kentera*, 41 Cal.2d 639, 645 [262 P.2d 317].) ■ The evidence must be viewed most favorably to the judge's implied findings (*Estate of Reed*, 132 Cal. App.2d 732, 734 [285 P.2d 935]; *Murphy* v. *Ablow*, 123 Cal.App.2d 853, 858 [268 P.2d 80]).

So construing the evidence, it appears that the plaintiffs, husband and wife, were driving westerly on Florence Avenue in the city of Los Angeles, on November 18, 1951, and nearing its intersection with Avalon Boulevard (a north and south street); immediately before the accident in question plaintiff husband was driving at about 25 miles an hour; when they were a short distance from the intersection the automatic traffic signal turned green for them; Mr. Leeper put out his hand giving a left turn signal, entered the intersection on the green light, and when within the intersection began the left turn, having reduced his speed to about five miles an hour; to his left he and his wife saw defendant's car, northbound, entering the crosswalk on the south side of Florence Avenue at a speed of about 25 miles an hour; defendant came straight ahead with no reduction in speed and struck plaintiffs' car at the left front door, knocking it into another westbound car which was north of plaintiffs' in the adjoining lane. Defendant did not see plaintiffs' car at any time before he hit it, although it was then at the center of the intersection. Defendant said it appeared ''out of nowhere'' and too late for him to do anything but hit it.

Defendant's attempted justification for his conduct is that the green light of the automatic signal on the southeast corner was stuck and ''said go'' and that it stayed green and he followed this direction and the accident was inevitable. There were automatic signals on all four corners. He did not look at the one on the northwest corner, which was working prop-

erly and which also controlled north and south traffic. Though defendant testified that the light signal was stuck and misled him, he told the police at the scene of the accident that he did not notice the light but saw the "go" arm go up for him. As a matter of fact, the light in the signal on that corner was working normally and the "go" arm did not go up for him; it was stuck with the "go" signal displayed. At the trial defendant testified that both lights and arm appeared to be out of order. It is a fair inference that he was not misled by the signal because he was not watching. ▉ But if it be assumed that he did see the "go" arm beckoning to him he does not show an unavoidable accident for that term presupposes no negligence on the part of any participant. (*Jaeger* v. *Chapman*, 95 Cal.App.2d 520, 522 [213 P.2d 404].)

▉ Defendant's failure to see plaintiff's automobile, lawfully within the intersection and making a left turn when he entered the intersection, was negligence. Plaintiff had the right of way (Veh. Code, § 550 subd. (a)). ▉ Moreover, one who has the signal with him is required to exercise ordinary care. He must keep a lookout for cars ahead and see those things which a reasonably prudent person would see. ▉ "It should be clear that for a person to meet the test of ordinary care, he must maintain a *reasonable* lookout for traffic *lawfully* on the highway. . . . ▉ When entering signal-controlled intersections on the 'go' signal the entrant should look to see if cross traffic which has lawfully entered the intersection has cleared it." (*Freeman* v. *Churchill*, 30 Cal.2d 453, 459 [183 P.2d 4].) ▉ *Huetter* v. *Andrews*, 91 Cal.App.2d 142, 146 [204 P.2d 655] : "The operator of an automobile is bound to anticipate that he may meet persons or vehicles at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another automobile driven with care and caution as a reasonably prudent person would do under similar conditions and, 'All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.' (*Berlin* v. *Violett*, 129 Cal.App. 337, 340 [18 P.2d 737].)" Defendant's view was unobstructed and he should have seen plaintiff's car turning left in the middle of the inter-

section. The least that can be said is that an inference of negligence on his part arose.

Mrs. Leeper was injured and the automobile was damaged to the extent of $367.97. Findings having been waived, the judge signed a judgment awarding $1,060.97 to both plaintiffs, husband and wife. Their complaint set forth separate causes of action, one on behalf of the wife to recover for her personal injuries, and one of the husband to recover for damage to the automobile; it also contained separate prayers; appellant argues that in this state of the pleading it was error to render a joint judgment.

The husband testified that the automobile belonged to him and the record discloses nothing else upon the subject. A presumption arose that the car was community property (*Tibbetts* v. *Fore*, 70 Cal. 242, 244 [11 P. 648] ; *Gaines* v. *California Trust Co.*, 48 Cal.App.2d 709, 714 [121 P.2d 28] ; *Estate of Caswell*, 105 Cal.App. 475, 483 [288 P. 102] ; *Lynam* v. *Vorwerk*, 13 Cal.App. 507, 509 [110 P. 355]). Of course, damages for personal injuries to the wife are community property (10 Cal.Jur.2d, § 31, p. 698). Both plaintiffs were owners of each cause of action.

It does not appear that any motion for new trial was made or that objection to the form of the judgment was registered in any manner in the trial court; the point cannot be raised properly for the first time on appeal. (*Cf.* 4 C.J.S., § 314d, p. 645; 3 Am.Jur., § 406, p. 134.) Regardless of the effect of failure to seasonably object, it has been repeatedly held that any irregularity in a judgment, such as the one claimed at bar, is of no concern to the defendant because it does not injuriously affect his rights. (*Fairchild* v. *Bay Point etc. Ry. Co.*, 22 Cal.App. 328, 330 [134 P. 338] ; *De Arman* v. *Connelly*, 134 Cal.App. 173, 181 [25 P.2d 24] ; *Cavagnaro* v. *Delmas*, 29 Cal.App.2d 352, 354, 355 [84 P.2d 274] ; *Thomas* v. *Smith*, 2 Cal.App.2d 701, 702 [38 P.2d 827] ; *Bock* v. *Hamilton Square Baptist Church*, 219 Cal. 284, 289 [26 P.2d 7].) Considerations of convenience to defendant, such as those urged at bar, are disposed of in *Fairchild* v. *Bay Point etc. Ry. Co.*, *supra*, at page 330 : ''The defendant does not question the amount of the award ; and as the findings and judgment are satisfactory to the plaintiffs, no substantial right of the defendant is impaired, and hence he cannot be heard to complain.'' In *Bock* v. *Hamilton Square Baptist Church*, *supra*, at page 289, it is said : ''The second reason advanced is that by failure to separately fix the amount of damage suf-

fered by the husband and wife respectively, it is impossible to determine the propriety of the award so far as it concerns either. In our opinion appellant is not entitled as a matter of right to such segregation and may not complain if the amount awarded to cover the general damage sustained by both respondents finds support in the evidence.'' Defendant at bar may exact a joint satisfaction from plaintiffs when paying the judgment; after that he need have no further worry about the matter.

The judgment is affirmed.

