[Civ. No. 21007.   Second Dist., Div. One.   Dec. 23, 1955.]

STEPHEN A. ORBACH, Appellant, v. CHARLES
HENRY ZERN, Respondent.

Caidin, Bloomgarden & Kalman for Appellant.

John S. Bolton and F. V. Lopardo for Respondent.

ASHBURN, J. pro tem.*—Plaintiff appeals from judgment of nonsuit in an action brought by him as sole heir to recover for the wrongful death of his sister, Miss Jean Guta Orbach. She was struck by an automobile driven by defendant, Zern, and died as a result of injuries then received. There were but two witnesses who testified to any facts connected with the accident. One of them was defendant, who was examined under section 2055, Code of Civil Procedure; the other was Mrs. Elly Bayer, who was decedent's companion on the occa-

---

*Assigned by Chairman of Judicial Council.

sion of the accident. As all facts shown by plaintiff's evidence and all inferences favorable to decedent must be accepted as established upon motion for nonsuit (*Wulfjen* v. *Dolton*, 24 Cal.2d 878, 880 [151 P.2d 840]), the following statement is constructed on that basis.

The accident happened on Ventura Boulevard in Los Angeles County, at a place where the highway runs east and west. It occurred on a Sunday morning about 11:30 a. m., and the day was clear and dry, visibility good. The highway has four traffic lanes, two for travel in each direction, and the lanes are separated by an island or divider some 20 feet wide. The two eastbound lanes were marked off by a broken white line, and each was approximately 12 feet in width. There was also a paved shoulder on each side of the highway about 10 feet wide. The accident occurred some 26 feet east of the intersection of Cornell Road with Ventura Boulevard. Cornell Road runs south from Ventura but does not extend to the north. It forms what counsel call a "T" intersection and there is a highway marker so indicating, which is at an undisclosed distance to the west of Cornell. Miss Orbach and Mrs. Bayer were on their way from Los Angeles to Ojai Valley; they became concerned about directions and stopped to inquire; they parked their car on the shoulder of the north roadway at the intersection and Miss Orbach walked through the intersection to a gas station on the south side of the highway situated at the southeast corner of the intersection; there she talked to some man and started back to her own car. As she was walking normally in that direction and about to enter the paved portion of the highway, her friend Mrs. Bayer, who had been watching her, looked in another direction and did not see Miss Orbach again until after she had been injured. The traffic on the highway at that time was light; Mrs. Bayer saw no vehicles and did not hear the sound of any approaching cars; her attention was attracted by "the terrible noise, a terrible squeak of brakes and glass flying" and she "saw a woman flying through the air." Defendant Zern, who had left Pacific Grove at about 3 a. m., had driven some 300 miles that morning with but one stop; he was driving a 1949 Ford and says he was traveling 50 miles an hour; he also said there was unobstructed visibility for a half-mile to a mile. He did not see the Cornell Road sign, nor was he aware of any intersection until after the accident. The impact was some 26 feet east of the intersection, 9 feet north of the white dividing line, and 6 feet south of the curbing of the island, i.e., in the driving lane

next the divider. Defendant did not see plaintiff until she was in front of his car; he said she was then about 50 feet directly in front of him and crossing to the north; that he immediately applied his brakes and hit her. When last seen by Mrs. Bayer, decedent was walking normally, which would mean not over 4 miles an hour. Defendant, at 50 miles an hour, would be going 12 times as far as she in the same period of time. Mrs. Bayer said she saw Miss Orbach when "about to enter the pavement." If this meant the paved shoulder, Miss Orbach went 25 feet to the point of the accident and the defendant would have driven 300 feet (at 50 miles) with unobstructed view of the highway and anything on it, but he never saw her until he was 50 feet away. If Mrs. Bayer meant Miss Orbach was entering the paved lane, then she went 15 feet to the point of impact and defendant 180 feet—130 feet without seeing her.

Defendant attempted to explain the accident by the presence of other cars obstructing his vision, and by the claim that Miss Orbach ran out in front of him; but the familiar rule governing nonsuit prevents acceptance of that testimony because it is opposed to evidence favorable to plaintiff's case.

Two principles control the disposition of this cause. ■ The conduct of one who is killed in an accident involved in a lawsuit is clothed with the presumption of the exercise of due care. Whatever acts should be done or omitted in the exercise of ordinary care are presumed to have been done or omitted by the decedent. ■ This presumption is evidence which of itself is enough to carry plaintiff's case past a nonsuit unless it is dispelled by evidence produced in plaintiff's behalf. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540, 549 [299 P. 529]; *Scott* v. *Burke*, 39 Cal.2d 388, 394 [247 P.2d 313]; *Lehmann* v. *Mitchell*, 109 Cal.App.2d 719, 723 [241 P.2d 573].) ■ The presumption cannot be overcome by evidence of the adverse party elicited under section 2055, Code of Civil Procedure. (*Smellie* v. *Southern Pac. Co.*, *supra*, p. 559; *Gioldi* v. *Sartorio*, 119 Cal.App.2d 198, 201 [259 P.2d 62]; *McKinley* v. *Southern Pac. Co.*, 80 Cal.App.2d 301, 313-314 [181 P.2d 899].)

■ It was the duty of defendant to keep a lookout for persons and vehicles ahead of him; he could not assume that the way was clear. ■ This court said in *Huetter* v. *Andrews*, 91 Cal.App.2d 142, 146 [204 P.2d 655]: "In the circumstances revealed by the record one who does not see that which is clearly visible and would have been seen by

one exercising ordinary care, as result of which a collision occurs, is guilty of negligence as a matter of law. . . . The operator of an automobile is bound to anticipate that he may meet ·persons or vehicles at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another automobile driven with care and caution as a reasonably prudent person would do under similar conditions and, 'All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with any other vehicle or person lawfully upon such highway Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.' (*Berlin* v. *Violett*, 129 Cal. App. 337, 340 [18 P.2d 737].)'' ▪ Defendant's view was unobstructed and he should have seen Miss Orbach crossing the highway and should have exercised care to avoid striking her. The least that can be said is that an inference of negligence on his part arose. It was immaterial whether Miss Orbach was walking or running. He should have seen her. (See *Gonzales* v. *Davis*, 197 Cal. 256, 261 [240 P. 16].)

▪ So far as concerns Miss Orbach's conduct we must assume that she did whatever ordinary care would dictate. Mrs. Bayer saw her approach the highway at a normal walk. It is to be assumed that she looked to her left, the direction from which danger was to be apprehended; that, having an unobstructed view, she saw defendant's car and no others approaching; that she observed the distance and speed, judged that she had a safe interval for crossing and that defendant would see her and exercise ordinary care to avoid hitting her.

▪ " 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.' " (*Leo* v. *Dunham*, 41 Cal.2d 712, 715 [264 P.2d 1].) ▪ If, as defendant claims, Miss Orbach was running when in front of his car, it is a reasonable inference that that was the prudent thing to do when she, in the exercise of ordinary care, realized that defendant was neither stopping nor swerving to avoid striking her.

▪ Respondent's contention that the presumption of due care on Miss Orbach's part was dispelled by the known cir-

cumstances of the accident cannot be sustained. The facts proved by plaintiff in order to have that effect must be wholly irreconcilable with the presumption. (*Scott* v. *Burke, supra,* 39 Cal.2d 388, 394.) That is not the case here. The cited authority, *Greene* v. *Atchison, T. & S. F. Ry. Co.,* 120 Cal. App.2d 135 [260 P.2d 834, 40 A.L.R.2d 873], deals only with the question of whether there was any evidence of negligence of defendant in circumstances where the conduct of the decedent was not known. *Seedborg* v. *Lakewood Gardens etc. Assn.,* 105 Cal.App.2d 449, 455 [233 P.2d 942], is cited to the proposition that the rule of res ipsa loquitur is not applicable at bar. Appellant has not so contended, nor is that rule necessary to sustain his position upon this appeal.

The granting of the motion for nonsuit was prejudicially erroneous.

The judgment is reversed.

White, P. J., and Doran, J., concurred.