[Civ. No. 5841. Fourth Dist. July 28, 1958.]

FLORA JENNINGS et al., Appellants, v. MARVIN R. YOUNG, Respondent.

Irmas & Rutter and A. P. G. Steffes for Appellants.

Higgs, Fletcher & Mack for Respondent.

MUSSELL, Acting P. J.—This is an appeal from a judgment of nonsuit in favor of defendant Marvin R. Young in an action for wrongful death and property damage resulting from an automobile collision. The action was brought by the

widow and adult children of the decedent William A. Jennings. Defendant Benskin, driver of one of the cars involved in the collision, admitted liability and judgment was entered against him for the sum of $16,533.

The collision involved occurred at about 4:40 p. m. on November 7, 1956, on Highway 395 near the city of Escondido. At the scene of the accident Highway 395 runs generally north and south and consists of a main traveled roadbed 24 feet in width with a broken white center line dividing the highway into two main traffic lanes, each 12 feet wide. The north and south main traffic lanes are both improved with shoulders of asphalt and concrete surfacing, each about 10 feet in width. At the outer edge of the shoulder of the northbound traffic lane there is an asphalt curb or "berm" about 15 inches high. At approximately one-half mile south of the place where the accident occurred the highway changes from four lanes to two lanes, one main traffic lane for northbound traffic and the other for southbound travel.

Defendant Young was traveling north in the right hand lane of the highway in a 1953 Ford at a speed of approximately 55 miles per hour. When he was approximately one-half mile north of the point where the highway changed from four to two lanes, he looked in his rear view mirror and saw another car (a 1949 Ford) traveling north and passing a station wagon and trailer on its right hand side. The 1949 Ford was being driven by the defendant Gene A. Benskin. When Young first saw the 1949 Ford and station wagon and trailer they were approximately 225 feet to his rear and the Ford was "going a lot faster" than the Young car. After having seen Benskin pass the station wagon and trailer, Young turned his eyes to the roadway in front and a few seconds later when he again looked in the mirror, the Benskin car was approximately 75 feet to the rear and was directly behind Young's car. Young, at this point, had no opinion as to the speed of the Benskin car except that it was going faster than he was and he was trying to get out of Benskin's way when Benskin's car struck the right rear fender and bumper of his (Young's) car, and then struck or rolled into a car being driven south in the southbound traffic lane by the decedent William A. Jennings.

Appellant contends that the evidence established a prima facie case of negligence on the part of defendant Young and that it was error to grant a nonsuit as to him. It is argued that Young knew that the Benskin car had passed the station

wagon and trailer on the right and was then traveling north on a straight line and that Young should have pulled over to the left to allow the Benskin car to pass on his right; that Young pulled "hard to the right" and that it was this sudden swerve which caused the collision. However, Young testified at the trial that he did not swerve but was continuing on a straight line at the time of the impact. While Young made a statement to a traffic officer that when it was apparent to him he was going to be hit from the rear by the Benskin car, he pulled hard to the right of the roadway to prevent a collision, there is nothing in his testimony or statement indicating that he left his proper traffic lane at any time before the impact. The record indicates that Young's car was about 6 feet from the center line of the highway when the accident happened and, since the Benskin car was directly behind him, Young quite properly attempted to let Benskin pass on the left. However, before he could get out of the way of the Benskin car, the accident happened. Young, who was traveling in his own traffic lane, had a right to assume that the Benskin car would obey the law and either slow down or pass on the left, if it passed at all in the face of oncoming southbound traffic. (*Richards* v. *Stanley,* 43 Cal.2d 60, 69 [271 P.2d 23]; *Orbach* v. *Zern,* 138 Cal.App.2d 178, 182 [291 P.2d 120].)

▆ Appellants argue that since Young had observed the Benskin car passing the trailer on the wrong side, he was negligent in failing to assume that Benskin would again violate the law by passing Young on the wrong side. There is no merit to this argument. Under the circumstances shown by the record, Benskin was prohibited by law from passing the Young car on the right (Veh. Code, § 529) and the evidence does not indicate that Young believed that Benskin would endeavor to pass him on the right. There is no substantial evidence that Young did not act as a reasonably prudent person would have acted under similar circumstances and we conclude that the judgment of nonsuit herein was proper.

Judgment affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

A petition for a rehearing was denied August 22, 1958, and appellants' petition for a hearing by the Supreme Court was denied September 24, 1958.

---

*Assigned by Chairman of Judicial Council.