[Civ. No. 26694. Second Dist., Div. Four. Apr. 18, 1963.]

SANDRA LYNN SAMPSON, a Minor, etc., et al., Plaintiffs and Appellants, v. JOHN WALTER FETTA et al., Defendants and Respondents.

Paul D. Holland for Plaintiffs and Appellants.

Parker, Stanbury, McGee, Peckham & Garrett and Roger W. Roberts for Defendants and Respondents.

KINGSLEY, J.—Plaintiff Sandra Lynn Sampson, a minor aged 20 months at the time of the accident, and her father sued for damages resulting from an accident in which the minor plaintiff was hit, while crossing a public street, by a car owned by defendant Albert Fetta and driven by defendant John Walter Fetta.

The firm rule is that, on appeal, evidence should be viewed most favorably to the respondent. However, even if we reverse the procedure, the evidence viewed most favorably for appellants showed no more than that the minor plaintiff, having evaded the watching eyes of her mother and grandmother, ventured from the backyard, down a driveway and out to the street. Attracted, as it is claimed, by two boys and their dogs on the other side of the street, the child moved toward them. She was "toddling," which one witness described

as "between a walk and a run." After she had progressed between 3 to 4 feet from the curb, she was observed by defendant driver. He immediately applied his brakes, and swung his car in an attempt to avoid the child, but his momentum carried him far enough to hit the child and about 10 feet further. Admittedly, the street was clear, it was daylight, and no parked cars or other obstructions prevented the driver from a clear view of the street and its adjoining parkways.

 The trial court submitted the issues of defendant driver's negligence to the jury, which found adversely to plaintiffs. After denial of their motion for judgment notwithstanding the verdict, they appeal to this court, "upon the sole ground that the implied finding of the jury that the defendant John Walter Fetta was not guilty of negligence proximately causing the injuries to plaintiff was not supported by the evidence."

The ground of appeal is not well taken. The cases relied on by plaintiffs do not support their present contention. In *Huetter* v. *Andrews* (1949) 91 Cal.App.2d 142 [204 P.2d 655], defendant had a clear view of plaintiff's vehicle for 850 feet, and made no effort to apply his brakes; here defendant could have seen the child for a few seconds at most and made every effort to avoid the accident once the peril became clear. In *Nichols* v. *Nelson* (1927) 80 Cal.App. 590 [252 P. 739], the appeal was by defendant from a jury finding of negligence. In *Orbach* v. *Zern* (1955) 138 Cal.App.2d 178 [291 P.2d 120], the trial court had granted a nonsuit, thus holding that there was no evidence of negligence; here the trial court submitted the case to the jury. To say that evidence showing opportunity to see a pedestrian raises "an inference of negligence" is far short of saying that such opportunity compels a finding of negligence. *Taylor* v. *Pacific Container Co.* (1957) 148 Cal.App.2d 505 [306 P.2d 1049], cited by plaintiffs, actually is adverse to them. In that case, the court held that it was error for the court to have given instructions embodying plaintiffs' present theory but in view of the entire body of instructions and evidence in that case,[1] such error was not prejudicial. The other cases relied on by plaintiffs are even more remote from the situation in this case than the ones just cited (which are the cases chiefly discussed in plaintiffs' brief).

In the case at bar, there is no showing as to how long the

[1]Plaintiff, a grown woman, had proceeded at least 31 feet at a normal pace into the street before she was struck; there were no obstructions to the defendant driver's clear view.

minor plaintiff had been in front of her house, how near she was to the street before she was attracted by the other children and dogs, nor how fast she was moving. The evidence as to her speed—"between a walk and a run"—is too indefinite to support a charge that the peril would have been observable to a reasonably prudent driver before it was observed by this defendant. No claim is made that defendant's speed was too great, or that his actions after seeing plaintiff were in any way short of due care. In this state of the record, it was for the jury to say whether or not defendant driver had lived up to the reasonable man standard imposed by law. The jury's decision on that issue is conclusive on plaintiffs, and on us.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied May 8, 1963, and appellants' petition for a hearing by the Supreme Court was denied June 12, 1963.