[Civ. No. 16238.   First Dist., Div. Two.   May 13, 1955.]

CHARLES M. WYLIE, Respondent, v. GEORGE T. VELLIS, Appellant.

Harold H. Cohn for Appellant.

Hoberg & Finger for Respondent.

KAUFMAN, J.—This is an appeal from a judgment after jury verdict, in the sum of $20,000 in favor of respondent Charles M. Wylie, in an action for personal injuries arising out of an intersection collision in San Francisco.

Appellant's sole claim of error on this appeal is that the trial court should not have given the instruction on the doctrine of last clear chance in view of the evidence herein. It is conceded that the instruction itself was correct, but it is contended that it was inapplicable in this case.

The accident occurred on the afternoon of July 2, 1951, at the intersection of 28th Avenue and Kirkham Street in San Francisco. Respondent Wylie was driving a 1940 Chevrolet panel truck in a northerly direction on 28th Avenue, while appellant and his wife were proceeding east in Kirkham Street in their new 1951 Frazer automobile. Respondent looked to his left as he approached the intersection and saw no car approaching. He slowed down and was traveling at about 10 miles per hour as he entered the intersection. He looked to his right after he passed the crosswalk. When he was about in the center of the intersection respondent first saw the appellant's car approaching and it was then very close to him. The collision occurred when appellant's car had traveled about 8 feet beyond the center of 28th Avenue and 3 to 5 feet north of the center of Kirkham Street.

Appellant testified that he was about 15 feet from the intersection when he first saw respondent who appeared to be going at between 3 and 5 miles per hour just as he approached the intersection. He was about 62 feet from the point of impact when he first saw respondent. His car was in second gear at all times in the intersection.

Appellant observed that respondent as he was approaching the intersection was looking straight ahead, and that he continued to look straight ahead at all times from the first time appellant saw him until the accident occurred, that respondent appeared dazed. Appellant admitted that he had no reason to suppose at any time prior to the impact that respondent knew of appellant's approach. There was nothing which prevented appellant from applying his brakes, or from sounding his horn to arouse respondent. Although appellant turned his car in an effort to avoid the collision after he had passed beyond the center of the intersection, he admitted that there was nothing physically preventing him from turning to the left before he arrived at the center of 28th Avenue. He testified that from the time he first

saw respondent, both vehicles traveled just about the same distance and at about the same speeds up to the moment of impact.

Appellant contends that the last clear chance doctrine may not be applied under circumstances such as those in the present case where two automobiles enter an intersection not more than 65 feet apart, where the parties have no more than a brief second to respond to an emergency and must act on impulse. He quotes at length from *Rodabaugh* v. *Tekus,* 39 Cal.2d 290 [246 P.2d 663], a case in which both cars were approaching an intersection at about 40 miles per hour. Respondent was driving on the through highway protected by stop signs. Decedent failed to heed the stop sign and proceeded into the intersection without reducing speed. It was there held that *after* respondent acquired knowledge of decedent's perilous situation, he did not have a clear chance to avoid the collision by the exercise of ordinary care. The court said that disregarding the fact that respondent was on a through highway and that decedent was traveling on a road plainly marked with stop signs it was apparent that the case was one of the "usual types of intersection collisions between two rapidly moving vehicles." It was said that the fact that respondent saw that decedent was looking straight ahead while traveling the 500 feet in approaching the intersection did not establish that decedent was in a position of danger this entire distance for respondent had the right to assume that he had normal faculties and would heed the stop signs which were directly within his range of vision. The court declared that the last clear chance doctrine is inapplicable to such cases citing numerous decisions.

The present case differs greatly from the cited case, in that here we do not have the usual type of collision between two rapidly moving vehicles. Ten miles per hour appears to have been the top speed that either vehicle was traveling at any time after entering the intersection. If two vehicles enter an intersection at approximately the same time and travel the same speed throughout, it is obvious that they will collide somewhere in the center if one does not yield the right of way to the other. There was evidence here that both vehicles were traveling at about the same speed. Appellant, seeing that respondent had begun to traverse the intersection and that he was looking straight ahead, and having no reason to believe that respondent had seen appellant's car, should have realized that respondent was in a position of

danger. Appellant having made these observations as he entered the intersection, had ample opportunity to sound his horn to alert respondent, or to cut his own speed to insure missing the truck.

Appellant says that he does not dispute that the facts show that respondent was unaware of his peril, but contends that in the exercise of ordinary care there was no clear chance for him to avoid the collision. He says that the overall time which elapsed between the moment when he first saw respondent's truck to the moment of collision was not more than four seconds. There was, of course, no reason why respondent would stop within the intersection, once he had entered it, unless he saw appellant. But appellant points to evidence that when appellant first saw respondent he appeared to be slowing down, and therefore appellant thought that he would stop. However, there is other evidence in the record of appellant's deposition wherein he testified that he was going about 10 miles per hour and respondent 15, and that the speed of respondent's car did not change at any time between the time he first saw it and the time the collision occurred. The jury could therefore have believed that appellant was aware of respondent's peril as he entered the intersection, and all the time thereafter until the impact.

In *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 P.2d 915], an intersection collision case, which is somewhat similar in its facts to the case herein, and where both vehicles were traveling between 12 and 15 miles per hour, the court held that the last clear chance doctrine was applicable. In *Buck* v. *Hill*, 121 Cal.App.2d 352 [263 P.2d 643], the doctrine was held applicable. This case involved a head-on collision in the center lane of a three lane highway. The court held that defendant had a last clear chance to avoid the accident by applying his brakes fully instead of lightly as he did. There defendant had two and four-fifths seconds from the time he started to react to decedent's peril in which to avoid the accident. Decedent's speed was between 80 and 85 miles per hour and that of the defendant's bus, between 40 and 60 miles per hour when decedent entered the center lane between 200 and 150 feet distant from the bus. The court there said that it could not say as a matter of law, having in mind the time element and the fact that in approximately 16 feet more, decedent's Ford would have cleared the bus, ''that in all reasonable probability a heavy application of the bus' brakes would

not have afforded ample time for the Ford to get by the bus" and that this question was for the jury to determine.

The Supreme Court in *Peterson* v. *Burkhalter*, 38 Cal.2d 107 [237 P.2d 977], referred to the case of *Poncino* v. *Reid-Murdock & Co.*, 136 Cal.App. 223 [28 P.2d 932], (a case also relied on by appellant herein) and stated that said case does not stand for the proposition that "as a matter of law, a defendant with two seconds within which to avoid an accident had no chance to do so. In a proper case, an appellate court might say that the defendant did not have a chance which amounted to a 'clear' one." It does not appear that the case now before the court is one in which it may be said as a matter of law that there was insufficient time for appellant to have avoided the collision in view of the fact that he had at least four seconds from the time he saw respondent begin to cross the intersection and realized that he was not looking in appellant's direction and appeared to be dazed. The question is not whether appellant then actually knew from these circumstances that respondent was in danger, but rather whether a reasonable man in this situation would have made such a deduction. As was said in *Peterson* v. *Burkhalter, supra,* page 113, "It cannot be said, as a matter of law, that he did not have sufficient time in which to do something, and the jury properly might have found that sounding his horn . . . would have constituted the exercise of reasonable care on his part to avert the accident."

Appellant's argument that he did not realize that respondent was in a position of danger until he was within a few feet of appellant and it became obvious that respondent was not going to stop, is answered in *Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614 [255 P.2d 785], wherein much the same argument was made in regard to appellant's bus driver. It was there held that the awareness by the bus driver of plaintiff's car reducing its speed as it came into the intersection and began crossing the 55 mile per hour highway on which the bus was traveling, might be said to be a warning of the imminently perilous position of the plaintiff, even before her car came to a stop in the path of the bus. The court said it "would be a disregard of the realities of the situation" to hold that under no view of the evidence could it be said the circumstances confronting appellant's driver reasonably constituted a sufficient warning of the imminently perilous situation of plaintiff.

It appears, therefore, that the trial court did not err in

giving the instruction on last clear chance in the present case and, accordingly, the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.