[Civ. No. 9244. Third Dist. Jan. 10, 1958.]

C. CARLEY et al., Respondents, v. DEAN SALOMON ZEIGLER et al., Appellants.

Dilley & Eymann for Appellants.

Lounibos & Lounibos for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a jury's verdict in favor of the cross-defendants in a personal injury action.

The accident out of which this action arose occurred in the east half of Snyder Lane, a county highway, near Santa Rosa. Snyder Lane runs generally north and south. Respondent Carley, hereinafter referred to as respondent, was, by his own admission, driving down the center of Snyder Lane, in a southerly direction, when he struck a milk truck being operated by the appellant Zeigler, hereinafter referred to as appellant. The milk truck had entered Snyder Lane from a private driveway on the east and was turning north thereon. The front wheels of the truck were from two to four feet from the east edge of Snyder Lane when it was struck by appellant's automobile with such force that it was swung around and moved 27 to 29 feet. The conflicts in the evidence and the fact that appellant was impeached in many respects are immaterial, as the judgment must be reversed for the trial court's error in giving to the jury the following instructions:

"You are instructed that Section 553 of the Vehicle Code of the State of California, in effect at the time of the accident read as follows:

"The driver of a vehicle about to enter or cross a highway from an alley not exceeding a width of 16 feet, or any private road or driveway shall yield the right of way to all vehicles approaching on said highway."

"You are hereby instructed that 'right of way' within the meaning of the law is 'the privilege of the immediate use of the highway.'"

". . . . . . . . . . .

"Failure to yield to one to whom the law has given the right of way is negligence unless circumstances resulting

from causes beyond the control of the driver are such as to excuse and justify him in such failure, judging his conduct in the light of what reasonably might have been expected from a person of ordinary prudence.''

''I instruct you that if you find from the evidence that Dean Salomon Zeigler violated one or more provisions of the California Vehicle Code, which have been read to you, and that such violation or violations, if any, proximately caused the collision, then Dean Salomon Zeigler has the burden to present evidence justifying an excuse, if any he has, for such violation or violations.''

The accident herein occurred in the east half of Snyder Lane where respondent had no right to be. Appellant had no duty to yield ''the right of way'' to the east half of Snyder Lane. Respondent only had the ''right of way'' to the west half of Snyder Lane. The ''right of way'' does not include a right to encroach upon that half of the highway upon which cars coming from the opposite direction are entitled to travel. (*Dyer* v. *Wallner,* 189 Wash. 486 [65 P.2d 1281, 1283] ; *Hemrich* v. *Koch,* 177 Wash. 272 [31 P.2d 529, 531].)

Moreover, ''before the driver of any vehicle is entitled to the right of way such driver himself must be operating his vehicle within the law and not in violation thereof.'' (*Hayes* v. *Emerson,* 110 Cal.App. 470, 477 [294 P. 765].) The respondent herein admitted that he was driving down the center of Snyder Lane. He offered no excuse or justification therefor. His conduct was clearly violative of section 525 of the Vehicle Code, which, with certain exceptions not pertinent herein, provides:

''Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, . . . .''

In view of respondent's statutory violation, it was error to instruct the jury as to the ''right of way.'' The effect of the error is demonstrated by a perusal of the argument of counsel for respondent. Therefrom it appears that the only argument against liability was that respondent had the right of way and that appellant refused to yield it to him. Likewise, under the circumstances, the trial court committed error in instructing the jury on the doctrine of imminent peril. (*Scandalis* v. *Jenny,* 132 Cal.App. 307, 313 [22 P.2d 545].) Therein the court said:

''. . . [T]he evidence is, without conflict, that the defendant brought about the situation that confronted him by his own gross negligence, . . . There is no evidence to sup-

port the instruction, and for that reason, the giving of it must have been misleading to the jury, and its giving constituted reversible error.''

The judgment is reversed.

Peek, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied February 5, 1958, and respondents' petition for a hearing by the Supreme Court was denied March 6, 1958.

*Assigned by Chairman of Judicial Council.